IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
April 6, 2022 Session

## BEVERLY GARDNER v. SAINT THOMAS MIDTOWN HOSPITAL

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Davidson County**
**No. 17C2226      Joseph P. Binkley, Jr., Judge**

———————————————————

**No. M2019-02237-SC-R11-CV**

———————————————————

SHARON G. LEE, J., concurring in parts I(B), II, and III(B)–(E) of the opinion authored by Justice Campbell; concurring in part II(A) of the opinion authored by Justice Bivins.

This case presents a simple issue: Whether the Tennessee Health Care Liability Act's statute of limitation extension prevails over the common law rule that a plaintiff cannot pursue a vicarious liability claim against a principal when the plaintiff's claim against the agent is procedurally barred by operation of law before the plaintiff asserts the vicarious liability claim against the principal. This common law rule is known as the operation-of-law exception. Here, the Plaintiff filed a vicarious liability suit against the principal, Saint Thomas Midtown Hospital, after the one-year statute of limitations had expired as to the Hospital's agents but within the Act's 120-day extension of the statute of limitations as to the Hospital. Was the suit timely filed? Yes—the Act's provisions prevail over the common law operation-of-law exception.

I agree with the opinion authored by Justice Campbell to the extent it holds that the Act prevails over the common law. Yet, I cannot fully concur because the opinion sidesteps a foundational part of the analysis—whether the common law operation-of-law exception even applies. The opinion describes this as a "difficult question" and assumes hypothetically, without deciding, that the operation-of-law exception applies. Either the exception applies or it doesn't. *If* the exception does not apply, then there is no reason to resolve any conflict between it and the Act, and the parties on remand have an unresolved issue. By refusing to answer this threshold question, the opinion becomes merely an academic exercise. The parties need an answer, not an unresolved question. For that reason, I do not fully join Justice Campbell's opinion.

Respectfully, whether the operation-of-law exception applies is not a "difficult question." I agree with Justice Bivins' opinion to the extent it holds that the operation-of-law exception applies because the statute of limitations operates as a

procedural bar to the Plaintiff's claim. *See Huber v. Marlow*, No. E2007-01879-COA-R9-CV, 2008 WL 2199827, at *3–4 (Tenn. Ct. App. May 28, 2008); *JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*, No. 3:19-cv-00469, 2020 WL 5877131, at *15 (M.D. Tenn. Oct. 2, 2020); *Smith v. Holston Med. Grp., PC*, No. 2:12-CV-72, 2013 WL 11478937, at *3–4 (E.D. Tenn. June 20, 2013). Based on our previous holdings, the operation-of-law exception arises when a plaintiff tries to assert a vicarious liability claim against a principal after its right to assert a claim against the principal's agent has become procedurally barred. *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 106 (Tenn. 2010). While this case is not identical to *Abshure*, *Huber*, and *Creech v. Addington*, 281 S.W.3d 363 (Tenn. 2009), the principle is the same. Seldom do we have cases that are factually identical. Yet, we do not dodge the issue. We do our duty and interpret and apply existing law. Thus, I agree with Justice Bivins' opinion that the operation-of-law exception applies.

However, I disagree with Justice Bivins' opinion that the operation-of-law exception remains unaffected by the Act's statute of limitations provisions. In my view, this result ignores the directive from our legislature that health care liability claims are treated differently than other tort claims as evidenced by the requirement of pre-suit notice and the statute of limitations extension for plaintiffs meeting those requirements. By allowing the judicially created common law to prevail over the Act's statute of limitations extension, the opinion nullifies key provisions of the Act and deprives plaintiffs of the Act's benefits. Statutes displace the common law, not the other way around.

For these reasons, I do not fully join Justice Campbell's opinion or Justice Bivins' opinion. Reading these opinions and my opinion together, the upshot is that a majority of the Court holds that the operation-of-law exception applies, and a majority of the Court holds that the Act's statute of limitations provisions prevail over the common law exception. Thus, I would affirm the decision of the Court of Appeals and remand this case to the trial court for further proceedings.

_____

SHARON G. LEE, JUSTICE